WHITE, JOSEPH S„ Associate Judge.
Defendants have appealed from final judgments rendered pursuant to jury verdicts awarding damages to a husband and wife for.bodily injuries sustained by the wife in a traffic accident. The wife was a pedestrian in the act of crossing a public street in the City of Vero Beach at a point between intersections. Defendant was. backing her automobile from a parked position on the street and struck the pedestrian.
During the trial the court admitted testimony over defendants’ objection that it was customary for pedestrians to cross the-street at the point in question. Appellants now contend that this was error and state:
“At the time of said accident the City of Vero Beach had in force a City Ordinance forbidding pedestrians to cross any street within its city limits at a place-other than one designated as a pedestrian crosswalk.
From this premise appellants argue-that evidence of a custom which is in violation of a law is inadmissible. However, we-find no such ordinance in the record. Instead, we are referred to an ordinance adopting The Florida Model Traffic-Ordinance (F.S.A. Ch. 186), which, provides:
“No pedestrian shall cross a roadway other than in a crosswalk upon any through street.” F.S.A. § 186.0149(4).. (Emphasis added.)
A “through” street is defined as: “Every street or portion thereof at the entrance to. which vehicular traffic from intersecting-streets is required by law to stop before entering or crossing the same and where-stop signs are erected as provided in this, ordinance.” F.S.A. § 186.03(54).
We are not told whether the street in question was a “through” street or not.
Section 186.0152 F.S.A. provides: “Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.”
The effect of these traffic regulations is to prohibit the crossing of a “through” street except at a crosswalk. Other streets may be crossed at any point. It is required *315 «only in that case that pedestrians yield the right-of-way to vehicles.
For aught that appears there was no prohibition in crossing the street at the point in question, and appellants have not •met the burden of showing error in the ■ruling now being considered.
Appellants also contend that the amount ■of the verdict for the husband is excessive. 'The record has been examined and no abuse •of discretion on the part of the jury in that rregard is indicated.
Affirmed.
WALDEN, C. J., and CROSS, J., concur.